Moncure, P.
delivered the opinion of the court.
Two questions arise in this case: 1st. Whether an “ eating house” is a “public place,” in the meaning of the Code, chapter 198, § 4, p. 806, which declares that “If a free person bet or play at any such table or bank as is mentioned in the first section (that is, A 33 C or E 0 table or faro bank, or a table of the like kind); or if at any ordinary, race-field, or other public place, he play at any game, except bowls, chess, backgammon, draughts, or a licensed game, or bet on the sides of those who play, he shall be fined thirty dollars, and shall, if required by the court, give security for his good behavior for one year; or in default thereof, may be imprisoned not more than three months.” And 2ndly. Whether it be contrary to the said section to bet at the game of bagatelle at such public place, though the said game be a licensed game.
As to the first question, we are of opinion that an “eating house” is a “public place” in the meaning of the said section. What constitutes an “ eating house” is defined by law. “Any person who shall cook, or otherwise furnish for compensation, diet or refreshments of any kind for casual visitors at his house, and sold for consumption therein, and who is not the keeper of an ordinary, house of private entertainment or boarding house, shall be deemed to keep an eating house;” is-required to obtain a license for doing so, and is subject to a fine for keeping such a house without obtaining such license. Acts of Assembly 1869—70, p. 239, § 27 *919 ; 1870-71, p. 107, § 126, p. 281, § 40; 1871-72, p. 190, § 124, p. 481, § 42.
As to the second question, we are of opinion that it is contrary to the said section to bet at the game of bagatelle at such public place, though the said game be a licensed game, as is admitted to have been the fact in this case.
The keeping of a bagatelle table is a business capable of being licensed, and was so capable at the time the gaming in the indictment mentioned is therein charged to have taken place. Code ch. 38, § 1, Acts of 1869-70, p. 240, § 31; 1871-72, p. 190, § 126, p. 482, § 45. To flay at the game of bagatelle at a licensed bagatelle table, is to play at a licensed game, and is lawful under the Code, ch. 198, § 4, though such game be played at a public place.
But is it lawful under the said section to bet at such licensed game at a public place? That is the question we now have to solve.
“ If a free person bet or flay at any such table or bank as is mentioned in the first section,” is the language in which the 4th section commences. Here the words “ bet and play” are both used, and it is made unlawful to bet or to play at any such table or bank as is here referred to, either at a public or a private place. Such a gaming table is incapable of being licensed. The section then proceeds: “ or if at any ordinary, race-field or other public place.” Here the place of the gaming is material, and it must be a public place: “he play at any game except bowls, chess, backgammon, draughts or a licensed game.” Here the word “play” alone is used, and not both the words “bet” and “play” as in the commencement of the section. Why was this difference made, if the Legislature intended to place betting and playing on the same footing in this part of the section, as was intended and expressed in the first part of the section ? If the Legislature had so intended, it *920 would have said, “if at any ordinary, race-field, or other public place, he bet or play at any game, except bowls, chess, backgammon, draughts, or a licensed game.” Then it would have been expressly made lawful to bet, as well as to play, at the excepted games, of which “a licensed game” was one; and there could have been no doubt in that case of the legislative intention. That mode of expressing it was the simplest and most obvious that could have been adopted. It required the use of only two additional words, “bet or,” and it would have followed the same mode of expression just before used in the first part of the section. Instead of that, the word “ play” only is here used, and the section, after the words “except bowls, chess, backgammon, draughts, or a licensed game,” thus proceeds: “or bet on the sides of those who play, he shall be fined,” &e. “ Who play” at what ? At any game at a public place. The meaning is as if the section had run thus: “ If at any ordinary, race-field, or other public place, he play at any game except,” &c., “or bet on the sides of those who play at any game;” that is, “ of those who game.” In 1 R. C. 1819, ch. 147, § 5, p. 563, the words actually used are “or shall bet on the sides or hands of such as do game;” and the same language is used in our former acts on the subject, from which the act in the Code of 1819 was taken. See the Codes of 1803 and 1814, ch. 96, § 5. The evils recited.in that section and the corresponding section of the act of 1819, which it was intended to remedy, confirm the construction we have put upon the 4th section of chapter 198 of the Code of 1860. That construction is that it is unlawful to bet at any game at a public place.
If this be not the true construction, then it is lawful to bet to any extent, no matter how great, at any of the excepted games, or on the sides of those who play at such games, at a public place. Can it be possible that' the Legislature intended to legalize so great an evil ? *921 We think not, and we think this conclusively appears by comparing the 4th and 5th sections of chapter 198, standing side by side in the Code.
• We have seen what the 4th section is. The 5th is in these words:
“ § 5. If a free person, by playing or betting at any game or wager, elsewhere than at a public place, lose or win, within twenty-four hours, a greater sum, or anything of greater value, than twenty dollars, he shall be punished as in the preceding section.”
This section plainly applies to any game whatever, without exception. That is the express meaning of the words “ any game or wager ” standing by themselves. In the Code of 1819 the words are “any game or wager whatsoever. But this word “ whatsoever,” though emphatic, was unnecessary to express the plain meaning of the other words without it, and was, therefore, dropped in the present Code.
Then if the construction of the 4th section contended for by the plaintiff in error be correct, a person who, by playing or betting at a licensed game elsewhere than at a public place, loses or wins, within twenty-four hours, a greater sum, or anything of greater value, than $20, is punishable; whereas a person who, by betting on the sides of those who play at a licensed game, at any ordinary, race-field, or other public place, loses or wins, within twenty-four hours, a sum or thing of any amount or value, however great, is not punishable !
This would certainly be a great incongruity in the law, and could never have been intended by the Legislature. Such an intention will not be imputed to the Legislature, unless it be plainly expressed in the law. It is not so expressed. On the contrary, the intention which we attribute to the Legislature is much more reasonable, and sufficiently appears from the language of the law. According to our view of the two sections, *922 four and five, a person is punishable, under section four,, who bets or plays at faro' bank, or a table of the like-kind, anywhere, or plays at any game, except bowls, chess, backgammon, draughts, or a licensed game, at any ordinary, race-field, or other public place, whether anything be bet or not upon the game, or bets anything of any value or amount on the sides of those who play at any game, at any ordinary, &c.; and under section five, who by playing or betting at any game or wager, elsewhere than at a public place, loses or wins, within twenty-four hours, a greater sum, or anything of greater value, than $20.
In the Code of 1819 the words “ elsewhere than at a public place,” which we find in section 5 of ch. 198-of the present Code, were not inserted. So that under the Code of 1819 a person who, by playing or betting at any game or wager at a public place, lost or won, within twenty-four hours, a greater sum, or anything of greater value than twenty dollars, was certainly punishable, as much as he would have been if the game or wager had been at a private place. The Legislature surely did not intend to change the law in that respect, by inserting the words “elsewhere than at.a public place,” in § 5 of ch. 198, of the present Code. It is-much more reasonable to suppose that those words-were so inserted because the Legislature considered that any betting to any amount at a game played at a public place was punishable under section four of the same chapter; and, therefore, only the case of betting at a game or wager, elsewhere than at a public place, remained to be provided for by section five.
It is argued by the plaintiff in error, by counsel, that section four does not prohibit betting on one’s own game, but on the sides of others who play. ¥e think this construction is wrong, and that section four, in prohibiting a person from betting on the sides of those *923 who play, includes the case of a person betting on his own game.
Upon the whole, we are for affirming the judgment- of the Corporation court of Danville.
Staples, J. doubted, but yielded his doubt.
Judgment affirmed.